**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS WOLF,**

    **Plaintiff,**

**v.**                                                                                                    **Case No.  8:10-cv-2725-T-30TGW**

**McCULLEY MARINE SERVICES, INC.**
**and PINE ISLAND TOWING CO.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Strike Plaintiff's Damages Evidence at Trial or, in the Alternative, Motion to Compel, and Motion to Continue Mediation (Dkt. 85) and Plaintiff's Response to Defendant's Motion to Strike Damages Evidence, or in the Alternative Motion to Compel (Dkt. 87).  On October 10, 2012, the Court denied Defendants' motion to continue mediation and reserved ruling pending a response from the Plaintiff on the motion to strike damages evidence at trial or alternatively a motion to compel (Dkt. 86).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion to strike damages evidence should be denied and the motion to compel should be granted.

Under Fed. R. Civ. P. 26(a)(1)(A)(iii), a party must provide to the other party a computation of each category of damages claimed, along with the documents or other evidentiary material on which each computation is based.  A "defendant is entitled to a specific computation of plaintiff's damages," *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (N. Kan. 2004), including amounts for both general

and specific damages. *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Additionally, the parties must supplement these damages computations "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

Since Plaintiff Wolf made his initial Rule 26(a) disclosures, he has received further treatment and made additional requests for maintenance and cure from the Defendants. Additionally, Plaintiff Wolf has supplemented his expert reports with more specific figures for past and future medical expenses and past and future lost wages. As such, he has a duty to update his computation of each category of damages so as to provide an accurate figure to the Defendants. Therefore, Defendants' Motion to Compel production from Plaintiff Wolf of an updated computation of each category of damages is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Strike Plaintiff's Damages Evidence at Trial is DENIED.
2. Defendants' Motion to Compel is GRANTED.
3. Plaintiff shall file an updated computation of each category of damages within ten (10) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2725.mtcompeldamages.frm